## HAMILTON RIDGE LUMBER CORPORATION v. SOUTHERN COTTON OIL CO.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1921.)

No. 1840.

Injunction ⟨key⟩59(1)—Logs and logging ⟨key⟩3(1)—Contract construed, and held one for sale of standing timber, breach of which may be enjoined.

A contract by which in terms defendant sold to complainant all its timber of certain kinds situate in South Carolina, to be cut and delivered by defendant at complainant's mill, the purchase price to be measured by the logs, which were to be measured and paid for as delivered, *held* one for the sale of standing timber, which, under the law of South Carolina, carries an interest in real estate, and a breach of which by defendant may be enjoined.

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Suit in equity by the Southern Cotton Oil Company against the Hamilton Ridge Lumber Corporation. From an order refusing to dissolve a preliminary injunction, defendant appeals. Affirmed.

Lewis C. Williams, of Richmond, Va., and B. A. Hagood, of Charleston, S. C. (Williams & Mullen, of Richmond, Va., and Hagood, Rivers & Young, of Charleston, S. C., on the brief), for appellant.

Julian Mitchell, of Charleston, S. C. (Mitchell & Smith, of Charleston, S. C., on the brief), for appellee.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

KNAPP, Circuit Judge. This appeal turns on the construction of a contract entered into July 19, 1918, by Hamilton Ridge Lumber Corporation, defendant below, and Southern Cotton Oil Company, complainant below, the material parts of which may be thus summarized:

First, the defendant, party of the first part, leases to complainant, party of the second part, at a nominal rental, its sawmill property at Estill, S. C., known as its "hardwood mill," for the term of three years from August 1, 1918, with the right to put in additional machinery for the manufacture of logs into staves and heading, and to remove the same at the end of the term. Then follow provisions which we quote in full:

"The party of the first part hereby sells to the party of the second part all the white oak, red oak, water oak and other oaks of the same species as mentioned above, and all red or sweet gum timber, suitable for making tight barrel staves and heading, belonging to the party of the first part and situate in the state of South Carolina, to be delivered by the party of the first part to the party of the second part on deck at the mill of the party of the first part situate near Estill, in the state of South Carolina, on the lands hereinabove described and leased, and usually known as the party of the first part's 'hardwood mill.'

"The party of the second part agrees to pay the rental as aforesaid and to pay for all of said oak logs the sum of twenty ($20.00) dollars per thousand

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

feet, Doyle's rule, log measure, and to pay for all of said red or sweet gum logs, sixteen and $^{50}/_{100}$ ($16.50) dollars per thousand feet, Doyle's rule, log measure, as is hereinafter set forth."

Subsequent paragraphs relate to the size and length of logs, measurement and inspection of same, time and method of payment, and the settlement of disputes between the parties. The contract further provides that defendant is to deliver and complainant accept not less than 15,000 feet or more than 20,000 each day, Sundays and holidays excepted, and either party failing so to do is to pay the other a stated sum per thousand as liquidated damages. Provision is also made for extending the term beyond three years, on the basis of the market value of staves and heading, if the timber is not all removed within that time.

It appears that defendant's property was covered by a mortgage or deed of trust securing an issue of bonds held by the Magnolia Pine & Cypress Company, and it became necessary to have the consent of that company to the proposed arrangement. Accordingly, on the day the contract was executed, an agreement was made by the parties thereto and the bondholder, which recites that the party of the first part (defendant) "desires to enter into an agreement with the party of the third part (complainant) for the sale of all the oak and red or sweet gum timber of the first party [defendant] to be delivered to said party of the third part at the hardwood mill of the party of the first part," etc., and gives the required consent.

Passing over what occurred in the meantime, it suffices to state that in April, 1920, defendant ceased the delivery of logs to complainant at the hardwood mill, but instead cut more or less oak and gum timber which it carried to another mill and converted to its own use, taking the position:

"That the alleged contract, if ever valid, has been broken by the Southern Cotton Oil Company and that the Hamilton Ridge Lumber Corporation is under no further obligations by reason thereof."

Shortly afterwards plaintiff brought this suit, in which, after notice and hearing, a preliminary injunction was granted. Defendant thereupon filed an answer and then moved to dissolve the injunction and dismiss the bill. From the order of denial this appeal is taken.

The pleadings and supporting affidavits, one on each side, raise sharp issues of fact, the determination of which on final hearing may decide the case, but with which we are not now concerned. The only question here is whether the court below was warranted in continuing the injunction pendente lite, and that question depends, as said at the outset, on the proper construction of the contract. It has long been the law of South Carolina that a contract for the sale of standing timber carries an interest in the land, interference with which may be enjoined by a court of equity, and that an action to enforce specific performance of such a contract is within the scope of equity jurisdiction. Therefore, if the contract in suit be a contract for the sale of the timber therein described, it is not to be doubted that a temporary injunction was rightfully granted.

Without indulging in profitless discussion, we may say at once that

in our opinion the contract in question is (1) a contract in express terms for the sale of timber, as appears from the paragraph above quoted; and (2) in conjunction therewith, and for the purpose of making the sale more valuable to defendant, an executory contract for service, namely, to cut and deliver the logs at so much per foot. In other words, there is an outright sale of the specified timber, the vendor reserving the privilege, presumably for profit, of cutting the timber into logs, and agreeing to payment for the timber on the basis of named sums per thousand feet of logs. Under the contract, therefore, the timber belongs to plaintiff, and defendant's only right therein is the right to cut it for and deliver it to plaintiff at the hardwood mill; it has no right to divert the timber to other purposes.

The case at bar seems clearly distinguishable, by marked difference of facts, from Hutchison v. N. Y. & P. Co., 229 Fed. 510, 143 C. C. A. 578, apparently much relied upon by defendant. In that case the plaintiff (vendor) was not concerned with the disposition of the timber; here plaintiff has bought the timber and defendant has contracted to cut it for plaintiff and deliver it at the designated mill, the purchase price to be measured by the logs as delivered. There the vendor's compensation depended on the results of the vendee's operations; here the vendor's compensation depends upon the results of its own operations, up to its entire holdings of oak and gum suitable for staves and heading. Moreover, in this case plaintiff has leased defendant's mill and equipped it with additional machinery, on the faith of defendant's promise to cut and deliver the timber for plaintiff's exclusive use; and it results in short that defendant, by failure to cut and deliver plaintiff's timber as agreed, has lost the right to cut it and become liable in damages for that which it has cut and misappropriated.

We need only add our conclusion that on the case now presented plaintiff is entitled to equitable relief, because without adequate remedy at law, and that the court below was right in awarding the preliminary injunction, although it may not on final hearing, on the ground of inconvenience or otherwise, decree specific performance of the contract.

Affirmed.